UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA CASTANON,<br><br>         Plaintiff,<br><br>    -against-<br><br>TRANS UNION LLC a/k/a TRANSUNION; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC,<br><br>         Defendants. | Civil Action<br>Case No.: 1:26-cv-00477<br><br>**COMPLAINT** |

    Plaintiff Maria Castanon ("Plaintiff"), by and through her attorneys, Petroff Amshen LLP, as and for her complaint against the defendants named herein, hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

    1.  Plaintiff brings this action against defendants Trans Union LLC a/k/a TransUnion ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") (collectively, the "Defendants"), arising from their willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and its implementing Regulation V, 12 C.F.R. Part 1022.

    2.  This action arises from Defendants' ongoing disregard for federal consumer protection laws following a deeply violating identity theft incident.

    3.  Without Plaintiff's knowledge or authorization, a fraudulent account was opened in her name and misused by an unknown individual who incurred unauthorized charges.

    4.  Defendants permitted this fraudulent activity to persist and reported the I C SYSTEM account (the "Fraudulent Account") to consumer reporting agencies, causing severe and lasting harm to Plaintiff's credit, emotional well-being, and financial stability.

4

5. In addition, Defendants inaccurately reported Plaintiff's student loan multiple times on her credit report (the "Student Loan"), resulting in duplicative tradelines that falsely inflated her debt and further damaged her credit profile.

6. Despite Plaintiff's diligent efforts to notify Defendants of the identity theft and to dispute both the fraudulent account and the duplicated student loan reporting, Defendants failed to conduct reasonable investigations, failed to correct or delete inaccurate information, failed to block the reporting of information resulting from identity theft, and, in the case of furnishers, failed to comply with their obligations as creditors under the FCRA.

7. Defendants' willful and/or negligent disregard for their statutory obligations has directly and proximately caused Plaintiff to suffer significant harm, including damage to her credit and reputation, the denial of credit, substantial emotional distress, and the incurrence of financial burdens, including attorneys' fees and costs, to rectify Defendants' errors and protect her rights.

## PARTIES

8. Plaintiff is an individual resident of the State of New York, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. TransUnion is a limited liability company organized under the laws of the State of Delaware, and is a "consumer reporting agency" as defined by 15 U.S.C. §§ 1681a(f) and 1681a(p).

10. Experian is a corporation organized under the laws of the State of Ohio, and is a "consumer reporting agency" as defined by 15 U.S.C. §§ 1681a(f) and 1681a(p).

11. Equifax is a limited liability company organized and existing under the laws of the State of Georgia, and is a "consumer reporting agency" as defined by 15 U.S.C. §§ 1681a(f) and 1681a(p).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, including the harm suffered by Plaintiff.

## STATEMENT OF FACTS

14. On or about September 12, 2025, Plaintiff obtained and reviewed her consumer credit reports and discovered multiple inaccuracies, including an unfamiliar account that she did not open or authorize and the inaccurate duplication of her federal student loan obligations.

15. Plaintiff identified the Fraudulent Account reported by I C SYSTEM, with PSEG NJ listed as the original creditor, account number ending in 18209**, with a balance of $389.00.

16. Plaintiff has no knowledge of this account, did not open or authorize any such obligation, and has never maintained a utility or service account with PSEG NJ in her name.

17. In addition, Plaintiff's credit report inaccurately reports her federal Student Loan obligations as multiple separate tradelines that appear to be duplicative.

18. The report reflects four separate tradelines for the same obligation.

19. The inaccurate reporting unfairly inflates Plaintiff's apparent indebtedness and creates a misleading impression of the nature and extent of her financial obligations.

20. The Fraudulent Account was reported by Experian and TransUnion, and its appearance on Plaintiff's credit reports is inaccurate and misleading.

21. Specifically, Plaintiff's credit reports list four separate Department of Education/AIDV tradelines with the following account numbers and balances:

      a.    Account No. ending in 494851E0042009**, with a balance of $12,808.00;

      b.    Account No. ending in 494851E0022010**, with a balance of $1,541.00;

      c.    Account No. ending in 494851E0052010**, with a balance of $4,143.00;

      d.    Account No. ending in 494851E0012009**, with a balance of $4,624.00.

22.    On or about October 14, 2025, Plaintiff disputed the inaccurate reporting of the accounts with the Defendants, notifying them that the information was inaccurate and misleading.

23.    Plaintiff's dispute package included: (a) a detailed written statement explaining that Plaintiff was a victim of identity theft and inaccurate credit reporting; (b) specific identification of the Fraudulent Account and the Student Loan consisting of duplicate tradelines; (c) a clear assertion that Plaintiff never opened or authorized the Fraudulent Account, received no benefit from it, and that her student loan obligations were inaccurately reported; (d) a formal request for a reasonable investigation and the correction or removal of the inaccurate information; (e) a copy of Plaintiff's New York Identification card; (f) proof of Plaintiff's current address; and (g) a complete copy of Plaintiff's FTC Identity Theft Report, Report No. 192881754.

24.    Plaintiff's disputes clearly stated that she did not open or authorize the Fraudulent Account, had no relationship with the alleged creditor, and that the reporting of the Student Loan was duplicative and inaccurate.

25.    Despite Plaintiff's disputes, Defendants failed to conduct reasonable investigations and failed to correct or delete the inaccurate information.

26.    An updated credit report dated January 9, 2026 continued to reflect the Accounts, undermining the accuracy of Plaintiff's credit file and causing ongoing harm to her credit standing.

27.    Notwithstanding Plaintiff's efforts and the clear evidence provided, Defendants failed in their respective duties under federal law, perpetuating the harm to Plaintiff.

28. Upon receipt of Plaintiff's comprehensive dispute package, Defendants were obligated under 15 U.S.C. § 1681i(a) to conduct a reasonable reinvestigation of the disputed information concerning the Account.

29. Defendants failed to conduct a reasonable reinvestigation, which required a thorough review of all documentation submitted by Plaintiff.

30. Further, pursuant to 15 U.S.C. § 1681c-2(a), upon receiving Plaintiff's complete request and documentation for an identity theft block, CRAs were required to block the reporting of the Account information no later than four (4) business days after receipt.

31. Defendants failed to block or correct the reporting of the Accounts as required.

32. The accounts continued to appear on consumer reports issued by Defendants well after the statutory deadline for blocking or correcting.

33. Defendants also failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the consumer reports, as required by 15 U.S.C. § 1681e(b).

34. If Defendants did implement a temporary block of the Accounts and subsequently rescinded it, they failed to promptly notify Plaintiff of such rescission in the manner required by 15 U.S.C. §§ 1681c-2(c) and 1681i(a)(5)(B).

35. As a direct and proximate result of Defendants' willful and/or negligent violations of the FCRA, Plaintiff has suffered, and continues to suffer, significant actual damages, including, but not limited to expend considerable time and effort attempting to resolve this matter.

36. Plaintiff has incurred and will continue to incur financial costs, including costs for obtaining credit reports, certified mailings, and attorneys' fees and litigation costs to investigate

and rectify Defendants' errors, to protect himself from potential collection actions on the fraudulent debt, and to prosecute this action.

37. The continued presence of the accounts has severely damaged Plaintiff's creditworthiness and credit scores.

38. Plaintiff suffered emotional distress, including anxiety, and a sense of helplessness, stemming from the Defendants' failure to address the identity theft, the damage to her financial reputation, the denial of credit, and the burden of attempting to clear her name.

39. Plaintiff has spent considerable time and effort attempting to resolve this matter.

40. Plaintiff has incurred and will continue to incur financial costs, including costs for obtaining credit reports, certified mailings, and attorneys' fees and litigation costs to investigate and rectify Defendants' errors, and to protect herself from potential collection actions.

## CAUSES OF ACTION

### COUNT I: Willful Noncompliance With The FCRA
### (Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)

41. Plaintiff incorporates by reference each of the preceding paragraphs.

42. Defendants are each a "consumer reporting agency" as defined by and subject to 15 U.S.C. § 1681a(f).

43. Defendants received Plaintiff's notice of dispute concerning the inaccurate information related to the Account appearing on her credit report.

44. Pursuant to 15 U.S.C. § 1681i(a), upon receipt of Plaintiff's dispute, Defendants were required to conduct a reasonable reinvestigation to determine the accuracy of the disputed information and record the current status of the disputed information, or delete the item from the file, within thirty (30) days of receiving the dispute.

45. Defendants failed to conduct a reasonable reinvestigation of Plaintiff's dispute.

9

46. A reasonable reinvestigation would have included, at a minimum: (a) thoroughly reviewing all relevant information and documentation submitted by Plaintiff with her dispute, including her sworn statement and proof of identity; (b) promptly notifying furnishers of the dispute and providing it with all relevant information regarding the dispute received from Plaintiff; and (c) requesting from furnishers actual verifying documentation, such as the opening of the accounts, agreements, or any other instrument bearing Plaintiff's signature or otherwise evidencing her liability for the accounts.

47. Defendants failed to review and consider all relevant information submitted by Plaintiff in connection with her dispute.

48. Defendants' failure to delete or correct the inaccurate information, or to accurately record the status of the disputed information, as evidenced by their continued reporting of the accounts, demonstrates their failure to conduct a reasonable reinvestigation.

49. The contradictory reporting among CRAs, where one or more deleted the disputed accounts while others continued to report it, further underscores Defendants' failure to conduct a reasonable investigation.

50. Defendants' failure to perform a reasonable reinvestigation after receiving Plaintiff's detailed dispute and compelling evidence of identity theft, was willful.

51. Defendants acted with knowledge of their statutory duties or in reckless disregard of those duties and Plaintiff's rights.

### COUNT II: Negligent Noncompliance With The FCRA
### (Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)

52. Plaintiff incorporates by reference each of the preceding paragraphs.

53. Defendants' conduct constituted negligent noncompliance with their duty to conduct a reasonable reinvestigation of disputed information under 15 U.S.C. § 1681i(a).

54. Defendants failed to exercise reasonable care in their reinvestigation process concerning Plaintiff's dispute of the accounts.

### COUNT III: Willful Noncompliance With The FCRA
### (Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy - Violation of 15 U.S.C. § 1681e(b))

55. Plaintiff incorporates by reference each of the preceding paragraphs.

56. Pursuant to 15 U.S.C. § 1681e(b), whenever a CRA prepares a consumer report, it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

57. The continued reporting of the Fraudulent Account, which was the result of identity theft and not Plaintiff's obligation, and the reporting of internally inconsistent information, demonstrates Defendants' failure to adhere to this statutory mandate.

58. Reasonable procedures would include robust mechanisms to flag, investigate, and resolve the accounts identified and detailed consumer disputes, and to reconcile or correct contradictory information received from the furnishers or generated within their own systems.

59. Defendants' failure to establish or follow such reasonable procedures was willful, representing a knowing failure to comply with their statutory duties or a reckless disregard for the accuracy of the information they compile and disseminate about consumers like Plaintiff.

### COUNT IV: Negligent Noncompliance With The FCRA
### (Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy - Violation of 15 U.S.C. § 1681e(b))

60. Plaintiff incorporates by reference each of the preceding paragraphs.

61. Defendants' conduct constituted negligent noncompliance with their duty to follow reasonable procedures to assure maximum possible accuracy of information in their consumer reports under 15 U.S.C. § 1681e(b).

62. Defendants failed to exercise reasonable care in their consumer report preparation and accuracy assurance processes.

### COUNT V: Willful Noncompliance With The FCRA
### (Failure to Block Identity Theft Information - Violation of 15 U.S.C. § 1681c-2)

63. Plaintiff incorporates by reference each of the preceding paragraphs.

64. Pursuant to 15 U.S.C. § 1681c-2(a), a consumer reporting agency must block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, no later than four (4) business days after the date of receipt by such agency of: (1) appropriate proof of the identity of the consumer; (2) the identification of such information by the consumer; and (3) a statement by the consumer that the information does not relate to any transaction by the consumer.

65. Plaintiff provided Defendants with all necessary items for an identity theft block under 15 U.S.C. § 1681c-2(a) via her comprehensive submission mailed on October 14, 2025.

66. Defendants willfully failed to timely block the reporting of the Fraudulent Account within four business days of their receipt of Plaintiff's complete request and documentation.

67. Alternatively, if Defendants did implement a block, they impermissibly and willfully rescinded such block without proper notification to Plaintiff or a valid basis, as the Fraudulent Account continued to appear on Plaintiff's consumer reports.

68. Defendants' failure to block, or their improper rescission of a block, was willful, demonstrating a knowing or reckless disregard for their obligations under 15 U.S.C. § 1681c-2.

### COUNT VI: Negligent Noncompliance With The FCRA
### (Failure to Block Identity Theft Information - Violation of 15 U.S.C. § 1681c-2)

69. Plaintiff incorporates by reference each of the preceding paragraphs.

70. Defendants' conduct constituted negligent noncompliance with their duties to block the reporting of information resulting from identity theft under 15 U.S.C. § 1681c-2.

71. Defendants failed to exercise reasonable care in implementing or maintaining the required block on information related to the Account.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally where appropriate, for the following:

I. Actual damages in an amount to be fully determined at trial, including but not limited to compensation for credit denials, damage to creditworthiness and reputation, financial burden, and emotional distress, pursuant to 15 U.S.C. §§ 1681n(a)(1), 1681o(a)(1);

II. Statutory damages in an amount ranging from $100 to $1,000 for each willful violation of the FCRA, as permitted under 15 U.S.C. § 1681n(a)(1)(A);

III. Punitive damages in an amount to be determined at trial as may be allowed under 15 U.S.C. § 1681n(a)(2) for Defendants' willful and reckless violations of the FCRA;

IV. Plaintiff's reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trial by jury on all issues so triable.

Dated: Brooklyn, New York
January 28, 2026

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Maria Castanon

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com